FILED

February 10 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0069

DA 14-0069

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 34N

CITY OF BOZEMAN,

      Plaintiff and Appellee,

  v.

ANDREW CLAYTON KEMP,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 13-199B
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender, Gregory Hood, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Brenda K. Elias, Assistant
Attorney General, Helena, Montana

          Ryan McCarty, Bozeman City Attorney, Bozeman, Montana

Submitted on Briefs: December 17, 2014
Decided: February 10, 2015

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 At approximately 2:05 a.m. on Thursday, November 15, 2012, Bozeman police officer Matthew Slayton received an "attempt to locate" dispatch notifying on-duty officers that a hit-and-run accident had just occurred near the intersection of West Story Street and South 9th Avenue in Bozeman. The dispatcher indicated that the suspect vehicle was a red pickup truck traveling northbound on South 9th Avenue and that the driver's side of the truck was damaged. At 2:07 a.m., Slayton observed a red Mazda pickup truck with a dent on the driver's side front fender travelling northbound on South 7th Avenue, approximately six blocks from the accident scene. The officer pulled behind the truck, activated his emergency lights, and performed a traffic stop. The driver, later identified as Andrew Kemp, denied having been involved in the hit-and-run accident. During the conversation, Slayton detected multiple signs of intoxication. Kemp failed the subsequent field sobriety tests and blew a .151 on his preliminary breath test. Slayton arrested Kemp for DUI and transported him to the Gallatin County Detention Center.

¶3 In the Bozeman Municipal Court, Kemp moved to suppress the intoxication evidence against him on the grounds that Slayton did not have particularized suspicion to justify the traffic stop. The Municipal Court denied Kemp's motion concluding that the totality of the circumstances provided the requisite particularized suspicion for Slayton's investigative stop.

2

Kemp subsequently entered a guilty plea but reserved his right to appeal the Municipal Court's denial of his motion to suppress.

¶4 Kemp appealed the Municipal Court's ruling to the Eighteenth Judicial District Court, again arguing that the traffic stop was unlawful because the officer had no particularized suspicion to justify it. The District Court affirmed the Municipal Court's ruling and Kemp filed this appeal with the Montana Supreme Court.

¶5 The issue before us is whether the District Court erred in affirming the Municipal Court's denial of Kemp's motion to suppress.

¶6 Kemp claims that Slayton's stop was unjustified because the dispatched information indicated that the suspect vehicle was a red pickup truck with damage to the rear driver's side of the vehicle. Kemp asserts that the damage to his red pickup truck was on the driver's side near the front of the vehicle, and therefore his vehicle was "substantially different" than what was described by dispatch. Slayton testified that after hearing the dispatch he began looking for a damaged red pickup truck traveling northbound. He stated that he did not recall exactly where the dispatcher had described the damage on the suspect vehicle, but he presumed a vehicle involved in a hit-and-run would be damaged.

¶7 It is well-established that peace officers must have reasonable grounds, or particularized suspicion, before conducting an investigative stop. In *Brown v. State*, 2009 MT 64, ¶ 20, 349 Mont. 408, 203 P.3d 842, we held:

> [H]enceforth, for a peace officer to have particularized suspicion or reasonable grounds for an investigatory stop, the peace officer must be possessed of: (1) objective data and articulable facts from which he or she can make certain reasonable inferences; and (2) a resulting suspicion that the person to be stopped has committed, is committing, or is about to commit an offense.

3

We stated that whether "particularized suspicion" exists is a question of fact determined by examining the totality of the circumstances. *Brown*, ¶ 22 (citation omitted).

¶8 In the case before us, Slayton's "objective data and articulable facts" consisted of time, location, and vehicle description. On Thursday morning at 2:05 a.m., he learned that a hit-and-run accident had "just" occurred near South 9th Avenue and West Story Street, approximately six blocks from his location, and that the suspect vehicle was a damaged red pickup truck traveling north on South 9th Avenue. Minutes later, Slayton observed Kemp's damaged red pickup truck traveling northbound on South 7th Avenue, just two blocks east of where the suspect vehicle was seen traveling. Slayton testified that he suspected that Kemp was involved in the hit-and-run accident; therefore, he initiated the investigative stop. Based upon the totality of these circumstances, the District Court concluded that Slayton had particularized suspicion to stop Kemp. We agree.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The Municipal Court and the District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law which the court correctly interpreted.

¶10 Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER

4

/S/ MICHAEL E WHEAT